UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GRACE CAROLINA ESCOBAR TORREZ,<br>Petitioner,<br>v.<br>MARKWAYNE MULLIN, et al.<br>Respondents. | Case No. 5:26-cv-03368 ADS<br><br>ORDER GRANTING PETITION |

## I. INTRODUCTION

Petitioner Grace Carolina Escobar Torrez, an immigration detainee, filed a Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241, seeking immediate release from immigration detention, among other relief. (Dkt. No. 1.) Respondents filed an Answer to the Petition. (Dkt. No. 8.) Petitioner filed a Reply in support of the Petition. (Dkt. No. 9.) Petitioner also filed a notice of supplemental authority in support of the Petition. (Dkt. No. 12.) For the reasons discussed below, the Petition is granted.

## II. FACTUAL BACKGROUND

Petitioner alleges she is a 47-year-old refugee from Nicaragua. (Dkt. No. 1-1, Declaration of Carrie Leroy ("Leroy Decl.") ¶ 3.) Petitioner alleges she fled Nicaragua in 2022 with her husband and son to escape political prosecution in Nicaragua. (Id.) Petitioner alleges she was detained by immigration officials on December 26, 2022 on charges of entry without inspection. (Id.) On that same day, Petitioner was released on parole. (Id. ¶ 4.) Since her release on parole, Petitioner has received employment authorization and works as a school aide for a preschool. (Id. ¶ 5.) Petitioner alleges she has strong community ties and that letters of support speak to her dedication to the community, her honesty, volunteerism, and caring heart. (Id.) On February 12, 2026, Petitioner was arrested by immigration officials at a check-in. (Id. ¶ 7.) Petitioner alleges that she has complied with all the conditions of her release and that she does not have any criminal record. (Id. ¶¶ 10-11.) Petitioner alleges that she "is extremely distressed to be separated from her community, her job, and her family and is concerned about how her family will manage without her care and financial support." (Id. ¶ 12.)

On February 25, 2026, a District Judge issued an order requiring Petitioner to receive a bond hearing pursuant to 8 U.S.C. § 1226(a) as a member of the Bautista class. See Torrez v. Noem, No. 5:26-cv-00872-KK-ADS (C.D. Cal. Feb. 25, 2026), ECF No. 9. On March 3, 2026, Petitioner had a bond hearing before an Immigration Judge ("IJ"). (Id. ¶ 13.) Petitioner contends that the IJ concluded that Petitioner was a flight risk without any relevant evidence or explanation. (Id.) Petitioner contends she is not a flight risk because she has a pending asylum case and has strong community ties through supporting her family present in the United States, working at a pre-school, and

attending classes at a community college. (Id. ¶ 14.) Petitioner provided an unofficial transcript of the bond hearing based on the obtained audio file. (Dkt. No. 1, Ex. C.) The transcript indicates that the IJ designated Petitioner as a flight risk solely because he concluded that she had not timely filed an asylum application. (Dkt. No. 1, Ex. C.) Petitioner's asylum application appears to have since been granted by an immigration judge, although the government may still appeal the decision.[1]

## III. SUMMARY OF PETITION, ANSWER, AND REPLY

Petitioner asserts the following grounds for relief: (1) a procedural due process violation because of an inadequate bond hearing; (2) a violation of the Administrative Procedures Act because Petitioner's re-detention was without basis; and (3) a violation of the Immigration and Nationality Act because the bond hearing did not include an individualized determination. (Dkt. No. 1 at 40-44.) Petitioner seeks immediate release from custody and an injunction preventing Respondents from placing any monitoring devices on Petitioner or re-detaining Petitioner without pre-deprivation notice and a hearing. (Dkt. No. 1 at 44-45.) Petitioner also requests declaratory relief. (Dkt. No. 1 at 45.)

In the Answer, Respondents contend the Court lacks jurisdiction to review immigration bond decisions under 8 U.S.C. § 1226(e). (Dkt. No. 8 at 3.) Respondents also argue that Petitioner failed to exhaust administrative remedies by filing an appeal of the bond decision with the Board of Immigration Appeals ("BIA"). (Dkt. No. 8 at 4.)

[1] See Fed. R. Evid. 201(b); EOIR Automated Case Information, https://acis.eoir.justice.gov/en/ (last visited Oct. 1, 2026).

Respondents do not provide any argument as to whether the IJ abused his discretion when finding Petitioner to be a flight risk.

In the Reply, Petitioner contends that the Court has jurisdiction to review immigration bond decisions. (Dkt. No. 9 at 2.) Petitioner further contends that an appeal with the BIA would be futile and cause Petitioner to languish in detention for many more months. (Id.) Petitioner contends that Respondents did not dispute the accuracy of the bond hearing transcript. (Id. at 4.)

## IV. DISCUSSION

### A. Bond Denial

The Petition asserts, in part, that Petitioner's procedural due process rights were violated by a constitutionally inadequate bond hearing. (Dkt. No. 1 at 40-42.) The Supreme Court has clarified the boundaries of judicial review in the immigration context by explaining that "[t]he application of a statutory legal standard . . . to an established set of facts is a quintessential mixed question of law and fact" and is reviewable. Wilkinson v. Garland, 601 U.S. 209, 212 (2024). Following Wilkinson, the Ninth Circuit has held that an immigration judge's determination that a detainee poses a danger to the community or a flight risk is a mixed question of law that may be reviewed for abuse of discretion. See Martinez v. Clark, 124 F.4th 775, 783 (9th Cir. 2024) ("Wilkinson compels the conclusion that application of the 'dangerousness' standard is a reviewable mixed question."); see also Singh v. Holder, 638 F.3d 1196, 1202, 1205 (9th Cir. 2011) (holding that district courts have jurisdiction to review errors in bond hearings, including the determination that a noncitizen is a flight risk.) Under abuse of discretion review, the Court "cannot reweigh evidence," but instead determines

whether the immigration judge "applied the correct legal standard." Martinez, 124 F.4th at 785 (internal quotation marks omitted).

The Ninth Circuit has explained that when assessing whether a noncitizen "is a danger to the community or a risk of flight," an immigration judge may consider the following factors:

> (1) whether the alien has a fixed address in the United States; (2) the alien's length of residence in the United States; (3) the alien's family ties in the United States, and whether they may entitle the alien to reside permanently in the United States in the future; (4) the alien's employment history; (5) the alien's record of appearance in court; (6) the alien's criminal record, including the extensiveness of criminal activity, the recency of such activity, and the seriousness of the offenses; (7) the alien's history of immigration violations; (8) any attempts by the alien to flee prosecution or otherwise escape from authorities; and (9) the alien's manner of entry to the United States.

Martinez, 124 F.4th at 783 (internal quotation marks omitted). An immigration judge has "broad discretion to weigh the listed factors and add any factors not mentioned or discount those that are less probative." Id. at 784. However, the Ninth Circuit has also explained that an immigration judge "abuses its discretion when it fails to consider and address in its entirety the evidence submitted by a petitioner and to issue a decision that fully explains the reasons for [its decision]." Franco-Rosendo v. Gonzales, 454 F.3d 965, 966 (9th Cir. 2006) (internal quotation marks omitted); see also Barrera-Leyva v. Immigr. and Naturalization Serv., 653 F.2d 379, 380 (9th Cir. 1981) (stating that the immigration judge abused its discretion by "fail[ing] to consider all of the relevant factors").

Courts have also found that immigration judges must consider alternative conditions to confinement if their concern is a risk of flight. See Hernandez v. Sessions, 872 F.3d 976, 994 (9th Cir. 2017) ("[T]the government has no legitimate interest in

detaining individuals who have been determined not to be a danger to the community and whose appearance at future immigration proceedings can be reasonably ensured by a lesser bond or alternative conditions."); see also Lopez v. Casey, No. 26-CV-04949-RFL, 2026 WL 2741864, at *2 (S.D. Cal. Sept. 16, 2026) ("[D]ue process requires IJs to consider alternative conditions to ameliorate risk of flight."). When a bond hearing is conducted under a "clear and convincing" standard, the fact that a noncitizen has not prevailed in their removal proceedings is not alone sufficient for finding a noncitizen to be a flight risk justifying denial of bond. See Singh, 638 F.3d at 1205 ("[The petitioner] had already been ordered removed by a final, administrative order, diminishing his incentive to appear for further removal proceedings. Although this is a relevant factor in the calculus, it alone does not constitute clear and convincing evidence that [the petitioner] presented a flight risk justifying denial of bond.")

Petitioner alleges that her due process rights were violated because of an improper bond hearing. (Dkt. No. 1 at 40-42.) As a result of a Court order holding that Petitioner was a member of the Bautista class, Petitioner received a bond hearing pursuant to 8 U.S.C. § 1226(a). (Dkt. No. 1, Ex. E.) In the bond hearing, Petitioner was required to prove by a preponderance of the evidence that she was not a flight risk or a danger to the community. See Rodriguez Vazquez v. Bostock, 183 F.4th 1160, 1167 (9th Cir. 2026) ("A § 1226(a) detainee will be released on bond if he demonstrates by a preponderance of the evidence that he is not a flight risk or a danger to the community."). The transcript indicates and Respondents do not dispute that the IJ designated Petitioner as a flight risk solely because he concluded that she had not timely filed an asylum application. (Dkt. No. 1, Ex. C.) Under Singh, the IJ's finding that Petitioner will not prevail in her removal proceedings is a relevant consideration, but it

is not sufficient for finding Petitioner to be a flight risk under the "clear and convincing" evidence standard. See Singh, 638 F.3d at 1205 (holding that the existence of a final order of removal is insufficient for finding the petitioner to be a flight risk). While the bond hearing was not held under the "clear and convincing" standard, the transcript also provides no indication that the IJ considered alternative conditions to detention. (Dkt. No. 1, Ex. C.) The IJ, in denying bond based on a finding that Petitioner was a flight risk, should have considered alternative conditions to detention. See Hernandez, 872 F.3d at 994 ("[T]the government has no legitimate interest in detaining individuals. . .whose appearance at future immigration proceedings can be reasonably ensured by a lesser bond or alternative conditions."); see also Lopez, 2026 WL 2741864, at *2 ("There is no evidence in the record that the IJ considered Petitioner's prior compliance with the conditions of his release, and whether re-releasing him on similar conditions would sufficiently mitigate the flight risk that Petitioner poses. . . ."). Petitioner has complied with all the conditions of her prior release on parole and she has no criminal history. (Leroy Decl. ¶¶ 10-11.) While paroled, Petitioner received employment authorization and worked as a school aide for a preschool. (Id. ¶ 5.) Petitioner has letters of support that speak to her dedication to the community, her honesty, volunteerism, and caring heart. (Id.) Petitioner has a pending asylum case. (Id. ¶ 14.) On these facts, the Court finds that Petitioner's due process rights were violated because the IJ abused his discretion in denying bond.[2]

---

[2] To the extent Respondents claim that administrative remedies are not exhausted until Petitioner's appeal with the BIA concludes, exhaustion in this context is prudential. See Hernandez, 872 F.3d at 988 ("The exhaustion requirement is prudential, rather than jurisdictional, for habeas claims." (citations omitted)). Exhaustion may be waived when irreparable injury would otherwise result. Laing v. Ashcroft, 370 F.3d 994, 1000 (9th Cir. 2004) (noting exceptions where "administrative remedies are inadequate or not

**B. Relief**

The remaining question before the Court is the appropriate relief for Respondents' violation. "[H]abeas corpus is, at its core, an equitable remedy." Schlup v. Delo, 513 U.S. 298, 319 (1995). Accordingly, courts have "broad discretion in conditioning a judgment granting habeas relief." Hilton v. Braunskill, 481 U.S. 770, 775 (1987). In habeas, "[t]he typical remedy is, of course, release." Munaf v. Geren, 553 U.S. 674, (2008). Petitioner complied with all the conditions of her prior release on parole and has no criminal history. (Leroy Decl. ¶¶ 10-11.) Petitioner's prior release on parole likely entitled her to a pre-deprivation hearing. See E-M- v. Hermosillo, No. 3:25-CV-1083-SI, 2026 WL 883776, at *6 (D. Or. Mar. 31, 2026) (stating there are "overwhelming authorities holding that after a noncitizen has been released on conditional parole, due process requires notice and a pre-deprivation hearing"). Petitioner has not had a constitutionally adequate bond hearing, despite being detained since February 12, 2026. (Leroy Decl. ¶ 7.) Under these circumstances, the Court concludes immediate release is the appropriate remedy.[3] See Soriano, 830 F. Supp. 3d

efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void." (citation omitted)). Here, Petitioner has alleged that she " is extremely distressed to be separated from her community, her job, and her family." (Leroy Decl. ¶12.) Petitioner's son and husband rely on her for financial and emotional support. (Id.) As discussed, there is uncontested evidence that supports that Petitioner will likely be released in the event of a proper bond hearing. Petitioner has been detained since February 12, 2026. (Leroy Decl. ¶ 7.) These considerations warrant a waiver of the exhaustion requirement in this particular case. See Rodriguez v. Bostock, 779 F. Supp. 3d 1239, 1252-53 (W.D. Wash. 2025) (finding irreparably injury justified waiving exhaustion in part because of the length of the petitioner's detention, the long wait for bond appeal decisions, and the likelihood of the petitioner's success in a bond hearing); see also Soriano v. Hernandez, 830 F. Supp. 3d 1071, 1079 (W.D. Wash. 2026) (finding irreparably injury justified waiving exhaustion because of the lengthy delays inherent in BIA appeals).

[3] Because the Court finds Petitioner is entitled to relief on this basis, the Court does not

at 1081 (holding that release was the appropriate remedy when the immigration judge abused his discretion in denying bond); see also Hasratyan v. Bondi, No. 5:26-CV-00210-MCS-ADS, 2026 WL 288909, at *4 (C.D. Cal. Feb. 2, 2026) (holding that because the process the petitioner received at her bond hearing before the immigration judge was deficient, "[a]ny remedy to that deficiency by way of review by the Board of Immigration Appeals is doubtlessly months away. Accordingly, the post-detention process Petitioner received and will receive is no substitute for the pre-detention process she was owed"); see also Aguirre Solis v. Noem, 2026 WL 396432, at *7 (D. Nev. Feb. 12, 2026) ("[T]he Court, in its equitable discretion, finds the unique harms suffered by Petitioner because of the government's violation of his due process rights require the remedy of immediate release from custody."). However, to the extent Petitioner seeks an injunction against future detention or monitoring devices, the Court does not consider it necessary to provide additional relief addressing a hypothetical possibility that Respondents may re-detain Petitioner or employ monitoring devices. See Meza-Hernandez v. Marin, No. 5:26-CV-00813-MCS-JDE, 2026 WL 1333740, at *1 (C.D. Cal. May 13, 2026) ("[T]he Court will not grant habeas relief that exceeds the scope of the claims in the petition or is based on speculation about what might happen after

///

///

///

reach the other grounds asserted.

Petitioner's release.”).

## I. CONCLUSION

Accordingly, IT IS HEREBY ORDERED:

1. The Petition is granted;

2. Petitioner Grace Carolina Escobar Torrez (A# 246-136-776) must be immediately released from immigration detention; and

3. Judgment shall be entered accordingly.

Dated: October 1, 2026

/s/ Autumn D. Spaeth
THE HONORABLE AUTUMN D. SPAETH
United States Magistrate Judge